Alan C. MAY, Private, U.S.A., Walter R. McKenzie, Corporal, U.S.A., Kenneth J. Reynolds, Private, U.S.A., Jesse Nordyke, Private, U.S.A., Plaintiffs,

v.

Hon. Charles E. WILSON, Secretary of Defense of the United States,

and

Hon. Wilbur M. Brucker, Secretary of the Army of the United States, Defendants.

No. 128–56.

United States District Court District of Columbia.

Feb. 10, 1956.

Urban A. Lavery, Chicago, Ill., and William P. McCracken, Jr., Washington, D. C., for plaintiffs.

William P. Rogers, Edward Hickey, Donald B. MacGuineas, Dept. of Justice, Leo A. Rover and Oliver Gasch, U. S. Attys., for the District of Columbia, Washington, D. C., for defendants.

McGARRAGHY, District Judge.

### Findings of Fact and Conclusions of Law

This cause having come on for hearing on the motion of plaintiffs for a preliminary injunction or a temporary stay order, and the Court having considered the pleadings, affidavits, exhibits, memoranda, and the arguments of counsel; and, in accordance with its oral opinion rendered on February 2, 1956, denying plaintiffs' motion for a preliminary injunction, the Court now makes the following Findings of Fact and enters the following Conclusions of Law:

### Findings of Fact

1. The plaintiffs are American soldiers stationed in Japan.

2. The defendant Charles E. Wilson is Secretary of Defense of the United States; the defendant Wilbur M. Brucker is Secretary of the Army of the United States.

3. On September 8, 1951 the Security Treaty was signed by the Governments of the United States of America and Japan. Ratification was advised by the United States Senate on March 20, 1952; the President of the United States ratified the Treaty on April 15, 1952; and it entered into force on April 28, 1952. Article III of the Security Treaty provides that: "The conditions which shall govern the disposition of armed forces of the United States of America in and about Japan shall be determined by administrative agreements between the two Governments."

4. On February 28, 1952 pursuant to Article III of the Security Treaty, the Administrative Agreement between the United States of America and Japan was signed and entered into force on April 28, 1952. Article XVII of the Administrative Agreement provided that: "Upon the coming into force with respect to the United States of the 'Agreement between the Parties to the North Atlantic Treaty regarding the Status of their Forces,' signed at London on June 19, 1951, the United States will immediately conclude with Japan at the option of Japan, an agreement on criminal jurisdiction similar to the corresponding provisions of that agreement."

5. On September 29, 1953 the Protocol to Amend Article XVII of the Administrative Agreement which contains the presently existing jurisdictional arrangements relating to United States Armed Forces in Japan was signed by the Governments of Japan and the United States, and it entered into force on October 29, 1953.

6. The negotiation and execution of the Administrative Agreement of February 28, 1952 and the Protocol to Amend Article XVII of the Administrative Agreement of September 29, 1953 were validly authorized.

7. The Protocol to Amend Article XVII of the Administrative Agreement of September 29, 1953 gives the United

States military authorities exclusive jurisdiction over acts which are offenses against United States law but not against Japanese law. Similarly, Japan has exclusive jurisdiction over acts done by members of United States forces which are offenses against its law but not against the law of the United States. In all other instances concurrent jurisdiction is provided for, with the United States having the primary right to exercise jurisdiction over offenses wholly against its security, property or personnel, and over all offenses arising out of performance of official duty. With respect to all other offenses, Japan has primary jurisdiction, and the United States has the right to request waiver of such jurisdiction.

8. Whenever a member of the United States Armed Forces is prosecuted under the jurisdiction of Japan, the Protocol to Amend Article XVII of the Administrative Agreement of September 29, 1953 guarantees certain basic rights to American servicemen, which include the following: the right to a prompt and speedy trial; to be informed in advance of trial of the specific charge or charges against him; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to counsel of his own choice; to have the services of a competent interpreter; to have a representative of the Government of the United States present at the trial; as well as other rights secured to him by the Japanese Constitution and by administrative arrangements made pursuant to the Protocol by the respective Governments.

9. On October 5, 1955 the United States military authorities in Japan were notified by the Japanese Ministry of Justice that Japan intended to exercise her primary right to jurisdiction over the four plaintiffs. Under the administrative procedures which have been adopted to implement Article XVII of the Administrative Agreement of September 29, 1953, such notification constituted a denial of the implied request for waiver of jurisdiction which exists in every case involving an offense over which Japan has primary jurisdiction. Following a thorough and complete review of the circumstances of this case, the United States military authorities determined that there were no special factors in this case to indicate the plaintiffs would be denied a fair trial by the Japanese courts, and no further request for waiver was submitted.

10. On October 5, 1955 plaintiffs were indicted by the Japanese authorities for off-duty offenses against the criminal law of Japan, namely: obstructing justice, assault, and assault and battery.

11. On November 26, 1955 plaintiffs' trial commenced before a Japanese court, the District Court of Maebashi.

12. Plaintiffs' trial before the District Court of Maebashi is being conducted in full accordance with the procedures set forth in the terms of the Protocol to Amend Article XVII of the Administrative Agreement of September 29, 1953 and all of the rights granted by the Protocol, Japanese Constitution, and administrative arrangements made pursuant to the Protocol have been accorded plaintiffs in this case. Each of the plaintiffs is represented by privately retained civilian Japanese counsel, as well as civilian counsel of his own choice (an American lawyer resident in Japan) furnished at Government expense. A court-appointed interpreter is available for use of the accused at the trial. Two experienced Army observers, accompanied by their own interpreter, were designated to attend the trial and report any irregularities in the procedure depriving the accused of a fair trial.

13. On December 17, 1955 pursuant to plaintiffs' motion, the District Court of Maebashi granted a continuance of the trial until February 10, 1956 to permit plaintiffs to test the validity under United States law of the Protocol to Amend Article XVII of the Administra-

tive Agreement of September 29, 1953, by institution of suit in an American court.

14. Pending completion of the criminal proceedings against plaintiffs, custody of plaintiffs has been retained by the United States military authorities. The customary procedure has been that the United States military authorities will continue to retain custody until all criminal appeal procedures before the Japanese courts are exhausted.

15. On January 12, 1956 plaintiffs filed this suit against defendants seeking an injunction and a declaratory judgment that the Protocol to Amend Article XVII of the Administrative Agreement of September 29, 1953 is invalid and void in that it denies plaintiffs their constitutional right to a due process trial, that it does not conform with the terms of the Security Treaty upon which it is based, and that it was not properly authorized and executed. Plaintiffs' motion for a preliminary injunction or a temporary stay order was filed January 13, 1956.

### Conclusions of Law

1. The Protocol to Amend Article XVII of the Administrative Agreement of September 29, 1953 is valid in all respects.

2. Under generally accepted rules of international law, in the absence of such Agreement plaintiffs would be subject to the criminal jurisdiction of the Japanese court.

3. There has been no violation of plaintiffs' constitutional rights.

4. Plaintiffs do not show irreparable injury to justify the issuance of the preliminary injunction.

5. The probabilities of plaintiffs' ultimate success in this action are remote.

6. Plaintiffs' motion for a preliminary injunction or a temporary stay order is denied.